**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ALBERT SARKISS, | No. 13-56559 |
| Plaintiff - Appellant, | D.C. No. 12-cv-06061-JPR |
| v. | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

On Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, presiding

Argued and Submitted November 5, 2015
Pasadena, California

Before:  GRABER and GOULD, Circuit Judges, and DANIEL,** Senior District
Judge.

Albert Sarkiss appeals the judgment of the district court affirming the denial

of his application for disability insurance benefits and supplemental security

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

income under Titles II and XVI of the Social Security Act.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Sarkiss contends that the administrative law judge ("ALJ") failed to give proper weight to the opinion of treating physician Dr. Janjua.  The ALJ gave little weight to this opinion, while giving substantial weight to the opinion of consultative examiner Dr. Maze.  An ALJ "may reject the opinion of a treating physician in favor of a conflicting opinion of an examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (internal quotation marks omitted).  The ALJ gave specific and legitimate reasons, supported by substantial evidence, for giving less weight to Dr. Janjua's opinion.  For instance, the opinion was not substantiated by the reported findings, and it rested heavily on Sarkiss's subjective complaints that the ALJ found not to be entirely credible.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible") (internal quotation marks omitted); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ gave adequate reasons for not giving treating physician's opinion controlling weight when some of the

physician's "recommendations were so extreme as to be implausible and were not supported by any findings"). Moreover, Dr. Janjua's finding that Sarkiss was disabled is not a medical opinion but instead is an opinion on a question reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1).

Sarkiss also asserts that Dr. Beydoun's September 2010 opinion, which was provided to and considered by the Appeals Council, renders the ALJ's decision unsupported by substantial evidence. Sarkiss has not shown a reasonable possibility that this would have changed the ALJ's decision. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Dr. Beydoun's opinion was conclusory and, as with Dr. Janjua's opinion, his finding of disability was an issue properly reserved to the ALJ. *See* 20 C.F.R. § 404.1527(d)(1); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (affirming ALJ's decision to reject treating physician's retrospective assessment when it was conclusory and included no assessment of the claimant's functional capacity).

Sarkiss next contends that the ALJ erred in finding that he was not fully credible. The ALJ provided specific, clear, and convincing reasons for the credibility assessment, including the inconsistency between Sarkiss's daily activities and his complaints, especially in regard to the use of his hands. *See Molina*, 674 F.3d at 1113 (even where daily activities "suggest some difficulty

3

functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"). The ALJ also found that Sarkiss was not fully credible because he had sought employment as an office manager during the relevant time period. This too was a proper basis to discount Sarkiss's credibility. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming an ALJ's adverse credibility determination in which the ALJ supported her decision with evidence that the petitioner continued to seek employment after claiming disability).

Finally, Sarkiss asserts that the district court should have granted his motion to remand to the agency because of the Commissioner's decision on Sarkiss's second application. The later decision found Sarkiss disabled as of July 24, 2010, the day after the ALJ's July 23, 2010 decision denying Sarkiss's initial application. Sarkiss argues that this subsequent decision is new and material evidence that required a remand for the two decisions to be reconciled. The record shows, however, that Sarkiss's second application was based on new medical evidence showing that his condition had worsened since the ALJ's denial of his initial application for benefits. The subsequent decision to award benefits was consistent with the ALJ's denial of Sarkiss's initial application, and the district court did not err in denying Sarkiss's motion to remand. *Bruton v. Massanari*, 268 F.3d 824,

4

827 (9th Cir. 2001) (finding district court did not err in denying motion to remand where the second application involved "different medical evidence" and was "not inconsistent" with the ALJ's "denial of Bruton's initial application").

**AFFIRMED.**